UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**MICHAEL COOPER**                                                                                                  **PLAINTIFF**

v.                                                                                         **CIVIL ACTION NO. 5:17-CV-6-TBR**

**SKYLA GRIEF** *et al.*                                                                                          **DEFENDANTS**

### MEMORANDUM OPINION

    This matter is before the Court on the criminal complaint filed by Plaintiff Michael Cooper, in which he attempts to bring criminal charges against Defendants Skyla Grief, Joy Myers, Jill Robertson, Troy Belt, and Randy White.  Cooper alleges that Defendants tampered with a witness to a federal proceeding in violation of a federal criminal statute.  Where the form requests the facts on which the criminal complaint is based, Cooper states, "Defendants are doing everything in their power to stop Brandon Bruin and Garfield Evans from being witnesses to my law suit.  They are suicide watch in 7 c/H on constant watch.  Defendants are trying to thrawt my proceeding in court."

    Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998),

*overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. at 377.

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Cooper is a private citizen and cannot initiate criminal charges against anyone. He therefore fails to establish the Court's subject-matter jurisdiction over this action. The Court will dismiss the action under Fed. R. Civ. P. 12(h)(3) by separate Order.

Date:


cc: Plaintiff Cooper, *pro se*
 Defendants
4413.010